IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GUIPING ZHANG,

    Plaintiff,

v.

The Partnerships and Unincorporated Associations identified on Schedule A,

    Defendants.

Case No.: 1:25-cv-15681

**COMPLAINT**

Plaintiff GUIPING ZHANG ("ZHANG" or "Plaintiff"), by undersigned counsel, brings this action against the Partnerships and Unincorporated Associations identified on Schedule A ("Defendants") and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over this action pursuant to 17 U.S.C. § 101 et seq., 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a).

2. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District and Defendants conduct business in this District.

3. This Court has personal jurisdiction over Defendants because each Defendant targets U.S. consumers, including Illinois residents, by operating fully interactive commercial online stores through which Illinois residents can purchase products embodying the ZHANG Work. Upon information and belief, one or more Defendants have completed sale of an infringing products to addresses in the Northern District of Illinois, thereby purposefully availing themselves of this forum.

4. Defendants have intentionally directed commercial activities toward Illinois by offering for sale and selling infringing products to Illinois residents, including by providing shipping to Illinois, accepting payment in U.S. dollars, and completing sales to Illinois addresses.

5. Each Defendant has committed acts of copyright infringement and caused injury to Plaintiff in Illinois and in this District.

6. In the alternative, this Court has personal jurisdiction under Federal Rule of Civil Procedure 4(k)(2) because Plaintiff's claim arises under federal copyright law, Defendants are not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction is consistent with the Constitution and laws of the United States.

7. Upon information and belief, Defendants reside in foreign jurisdictions, primarily the People's Republic of China, operate anonymous online marketplace accounts, and utilize foreign financial accounts to receive and rapidly transfer funds, making it difficult to enforce U.S. judgment remedies and necessitating immediate injunctive relief, including asset restraints, to prevent irreparable harm.

**INTRODUCTION**

8. ZHANG is the author and original designer of a three-dimensional inflatable costume depicting a stylized axolotl character (the "ZHANG Work"). The ZHANG Work was created in 2023 and is registered with the U.S. Copyright Office under Registration No. VA 2-339-083, identifying ZHANG as the author. A true and correct copy of the registration certificate is attached as **Exhibit 1**.

9. The registration predates Defendants' infringing conduct.

10. This action has been filed by Plaintiff to combat online copyright infringers who trade upon the value and popularity of the Plaintiff's copyrighted axolotl costume design by selling and/or offering for sale products embodying unauthorized copies of the ZHANG Work.

11. In an effort to unlawfully profit from the protected work, Defendants have created

and operated numerous counterfeit online store pages offering products embodying unauthorized copies of the ZHANG Work, and designed those store pages to appear legitimate to consumers.

12. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same series of transactions or occurrences. Defendants conceal their identities, utilize false addresses and foreign financial accounts, and rapidly transfer assets to evade enforcement. Plaintiff has been and continues to be irreparably harmed through loss of control over the ZHANG Work, damage to goodwill, consumer confusion, and the inability to license and control the quality of products in the marketplace. Plaintiff seeks injunctive and monetary relief.

## FACTUAL ALLEGATIONS SUPPORTING JOINDER OF DEFENDANTS

13. To present the infringing conduct in a manner that is analytically coherent, rule-compliant, and grounded in a unified factual record, Plaintiff has limited this action to Defendants with the same product description.

14. Each Defendant operates one or more online store pages offering for sale the same accused inflatable axolotl costume using identical or nearly identical product descriptions, including the same headings, sentence structure, and sequencing of features—content that appears in seller-controlled listing fields rather than as platform-default text.

15. The product listings across multiple Defendant store pages contain the same distinctive and idiosyncratic phrasing, including the identical unusual and incomplete closing sentence fragment "*we will provide best sol*," which appears verbatim in the customer-service portion of the product description. Ironically, in one of the stores, the product description is in French and ends with "nous vous fournirons le meilleur sol," the French translation of "we will provide best sol." The repeated appearance of this fragment occurs in seller-controlled listing text fields (not platform-default language),

3

further supporting a shared operational source.

16. The repetition of this unusual and incomplete phrase across multiple independent store pages is not typical of standard English-language e-commerce listings and indicates that the listings were created, maintained, or published through a shared workflow, content library, or coordinated operator, rather than arising coincidentally from independent drafting by unrelated merchants.

17. All Defendants use a single recurring photograph (the "Side Angle Image") that appears identically across all infringing listings in this action. Every Defendant reproduced the same photograph—featuring identical lighting gradients, shadow contours, fabric inflation patterns, and pose-specific asymmetries—instead of using independently created photographs for their own listings.



18. The Side Angle Image shows two costumes. The left costume (front-facing, waving pose) shows: the costume is facing mostly forward toward the viewer; one arm is raised near head level with the hand open, forming a waving or greeting gesture; the other arm is bent slightly at the side, relaxed; the legs are slightly apart, giving a balanced, upright stance; overall, the posture conveys a friendly, welcoming, and playful attitude.

19. Right costume (side-facing, neutral standing pose) shows: the costume is turned at a three-quarter to side angle, showing the profile and tail more clearly; both arms hang naturally

downward without any expressive gesture; the legs are straight and close together, indicating a neutral standing position; this posture appears more static and is likely intended to show the costume's shape from the side.

20. The interrelatedness among Defendants is visible even at the pixel level; even the person wearing the left costume is the same. These characteristics reflect repeated reuse of the same specific photographs across multiple seller accounts, rather than mere coincidental similarity attributable to generic product identity, and further support coordinated conduct or common control.

21. A substantial number of Seller-information pages further demonstrate connections among Defendants. Multiple store pages list sellers or legal representatives sharing the same surname "Wu" and, a recurring middle character "Yi" within the given name (e.g., Wu Yidong, Wu Yilong, Wu Yimin). In Chinese naming conventions, a recurring character used in the same position within given names commonly functions as a "generation character" that is shared among members of the same family generation. Accordingly, the repeated appearance of this naming pattern in the Legal Representative field across multiple seller pages strongly supports common family control of multiple storefronts. This seller-identity overlap further corroborates the shared listing-language fingerprint and recurring image evidence described above.

22. In addition, a substantial number of Defendant sellers are registered or located in Fujian Province, China, further supporting the inference that Defendants are part of the same manufacturing, sourcing, or distribution network for the accused product.

23. These shared characteristics—including identical product descriptions, identical unusual linguistic errors, identical images, overlapping seller identifiers, and geographic clustering—demonstrate that Defendants' infringing acts arise out of the same series of transactions or occurrences and are not merely coincidental or independent conduct.

24. Using one recurring image also satisfies Rule 65(d)'s requirement that any injunction

describe the restrained acts with reasonable detail. By linking each Defendant to a specific URL displaying this same photograph, the record makes clear exactly what conduct is alleged— advertising, offering for sale, selling, and displaying listings for products embodying unauthorized copies of the ZHANG Work —and enforcement may proceed without ambiguity regarding the scope of the injunction.

25. Relying on a single recurring image avoids the confusion that can arise when multiple variations or designs appear in the same Schedule A. Here, the Court is presented with a unified and consistent set of listings tied to one copyrighted depiction, which streamlines judicial review and promotes efficient administration.

## THE PLAINTIFF

26. ZHANG is a 3-D character costume designer who specializes in developing distinctive inflatable costume concepts and characters. ZHANG invested substantial time, creative effort, and artistic judgment in designing the axolotl inflatable costume reflected in the ZHANG Work. ZHANG's creative contributions include concept development, character aesthetics, and artistic refinement.

27. Plaintiff has invested substantial time, effort, creative skill, and financial resources in developing and commercializing his inflatable costume design. The ZHANG Work has been widely disseminated online and in the marketplace, and has achieved significant consumer exposure and recognition.

28. Plaintiff maintains control over the quality, distribution, and authorized use of the Zhang Work, and has made substantial efforts to build goodwill and consumer association with his original design.

29. Plaintiff has taken steps to protect his interests in the Zhang Work. No person or entity other than Plaintiff or his authorized licensees is permitted to manufacture, import, export, advertise, offer for sale, sell, or otherwise distribute products embodying the ZHANG Work without

7

Plaintiff's express authorization.

## THE DEFENDANTS AND THE DEFENDANTS' UNLAWFUL CONDUCT

30. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within Illinois and in this judicial district, through fully interactive commercial online stores operating under the Defendant Internet Stores. Each Defendant targets U.S. consumers, including Illinois residents, by advertising, offering to sell, and selling products that embody unauthorized copies of the ZHANG Work to consumers in this District.

31. The true identities of Defendants are unknown to Plaintiff. Defendants conceal their identities through the use of aliases, unregistered business names, false contact information, and offshore fulfillment and payment-processing channels. Defendants operate anonymously and deliberately frustrate enforcement by avoiding traditional means of identification and service. Plaintiff will amend this Complaint when Defendants' true identities are ascertained.

32. Upon information and belief, Defendants have created and operated numerous online marketplace store pages to offer and sell counterfeit and unauthorized copies of the ZHANG Work. Defendants design and present their store pages to appear legitimate to consumers, thereby misleading purchasers into believing they are purchasing authorized products.

33. Defendants utilize online marketplace platforms and foreign financial accounts, including payment services such as PayPal, Alipay, and other third-party processors, to receive and rapidly transfer funds outside the United States. Such practices enable Defendants to hide assets, making it difficult, if not impossible, for Plaintiff to obtain monetary relief absent immediate injunctive relief.

34. Defendants' conduct has caused, and will continue to cause, irreparable harm to Plaintiff, including loss of control over the ZHANG Work, loss of consumer goodwill, and loss of ability to license and control the quality of products embodying unauthorized copies of the ZHANG

8

Work.

35. To prevent Defendants from concealing or transferring assets beyond this Court's reach upon receiving notice of this action, Plaintiff seeks leave to file Schedule A to this Complaint under seal and request immediate temporary restraining order relief, including an asset restraint and expedited discovery.

## COUNT I COPYRIGHT INFRINGEMENT

36. Plaintiff repeat and incorporate by reference the allegations contained in the above paragraphs as though fully set forth herein.

37. The ZHANG Work is an original work of authorship and constitutes copyrightable subject matter under 17 U.S.C. § 101 et seq.

38. At all relevant times, Plaintiff has held and asserted exclusive rights in the ZHANG Work, including but not limited to the right to reproduce and distribute the work pursuant to the Copyright Act. The work is the subject of a valid copyright registration issued by the Register of Copyrights.

39. Defendants, without authorization from Plaintiff, have manufactured, imported, advertised, offered for sale, and sold products embodying copies and/or derivative works of the ZHANG Work. Defendants' acts constitute copyright infringement in violation of 17 U.S.C. § 501 et seq. Defendants' infringement is willful, intentional, and undertaken with knowledge of Plaintiff's rights.

40. As a result of Defendants' infringement, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504, including statutory damages or actual damages, and Plaintiff's attorneys' fees and costs pursuant to 17 U.S.C. § 505.

41. Defendants' conduct has caused and will continue to cause irreparable injury to Plaintiff that cannot be fully compensated by monetary damages. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting further infringement and requiring Defendants to destroy all unauthorized copies and infringing articles.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained, including through a temporary restraining order, from:

   a. Using, reproducing, copying, displaying, advertising, marketing, offering for sale, or selling any products embodying or derived from the ZHANG Work;

   b. Manufacturing, importing, reproducing, distributing, advertising, promoting, selling, or offering to sell any unauthorized copies or derivative works of the ZHANG Work;

   c. Further infringing the ZHANG Work in any manner;

   d. Shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or disposing of products not authorized by Plaintiff and that embody or derive from the ZHANG Work;

   e. Using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores or any other online marketplace accounts used to infringe the Zhang Work;

   f. Transferring, withdrawing, or otherwise disposing of assets received from the sale of unauthorized products, including those held by third-party payment processors, pending further order of this Court.

2) For Judgment in favor of Plaintiff against Defendants that Defendants have: a) Willfully infringed Plaintiff's rights in the ZHANG Work pursuant to 17 U.S.C. § 501; and b) Otherwise harmed Plaintiff's ability to control and license the ZHANG Work;

3) For an award of actual damages or statutory damages pursuant to 17 U.S.C. § 504, at

Plaintiff's election, in an amount to be determined at trial;

4) That Plaintiff be awarded Plaintiff's reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

5) For an order authorizing expedited discovery to identify Defendants and financial accounts, and for such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

DATED: December 29, 2025                Respectfully submitted,

*/s/ Qin Zhuang*
Qin Zhuang
Building 2, Unit 1, Room 507
5 Chaoyang Road, Chaoyang
Beijing, PRC 100022
0086-155-1009-0593
zhuangqin@yuntinglaw.com
**Counsel for Plaintiff**